UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL NO. 10-39-FJP-CN

JOSHUA JERMAINE KINCHEN

**<u>RULING</u>**

This matter is before the Court on the motion of defendant, Joshua Kinchen, to suppress evidence.[1] Specifically, the defendant seeks to suppress the identification made by a confidential informant of his photograph on two occasions. The parties have submitted to the Court a joint stipulation[2] of expected testimony which the Court must use in ruling on this motion. In accordance with the Federal Rules of Criminal Procedure, the defendant has also signed the joint stipulation of expected testimony. After reviewing the defendant's motion, the opposition filed by the United States,[3] and the joint stipulation of expected testimony filed in the record, the Court finds that defendant's motion to suppress identification is denied.

---

[1] Rec. Doc. No. 16.

[2] Rec. Doc. No. 85.

[3] Rec. Doc. No. 25.

Doc#47458

The defendant contends that the Court should suppress the identification made by a confidential informant because the photographic procedures used were unnecessarily and impermissibly suggestive. In opposition, the United States argues that the action taken by the agents to show a single picture of the defendant immediately after the drug transaction and then show the confidential informant a series of six pictures of African-American males some seven months later was proper under the facts of this case.

The Court must follow the rule that identifications "arising from single-photograph displays may be viewed in general with suspicion."[4] In determining whether to admit identification testimony, courts look to several factors including "the opportunity of the witness to view the criminal at the time of the crime, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation."[5] The Court must then weigh these factors against "the corrupting effect of the suggestive identification itself."[6] It is clear from the record that the confidential source's identification of the defendant when

---

[4]*Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).

[5]*Manson,* 432 U.S. 116, 97 S.Ct. At 2254 (citing *Simmons v. U.S.,* 390 U.S. 377, 383, 88 S.Ct. 967, 19 L.Ed.2d 1247).

[6]*Id.* at 114.

Doc#47458　　　　　　　　　　　　　　　2

she reviewed the single photograph display which was given to her less than 30 minutes after her encounter with the defendant was reliable under the facts of this case. There were additional facts which also support the Court's conclusion in addition to the fact that the confidential informant's identification of the photograph occurred very shortly after she conducted a drug sale with the defendant.

The evidence reveals that the defendant drove an Expedition which he was driving when the transaction occurred. It is also clear from the record that approximately one year earlier, the defendant was stopped for a traffic violation, and the defendant told the police at that time that the Expedition was his vehicle. Vehicle registration records also reflect that the vehicle belonged to the defendant's brother, Nathaniel Kinchen, whom the confidential source knew.

Approximately seven months later the confidential informant also reviewed a six man photographic display which was presented to her by the police. It is clear from reviewing copies of the photographs which have been filed in the record and attached to the government's opposition, that these photographs were not unduly suggestive nor was the confidential source's identification unreliable. The Court's review of the photographs caused the Court to initially conclude that all six photographs were very similar. The record reveals that the confidential source correctly selected

photograph number five from the lineup very quickly and without delay.

In reviewing the stipulated testimony of the other evidence in the case, the Court believes that the confidential source used extreme caution before conducting a drug deal with the individual involved because she initially did not recognize the individual. She took time to call the person who was supposed to be present for the drug deal to verify that the person who was in the Expedition was the correct person. In addition, it appears to the Court from a review of the record that the confidential source had a good look at the defendant. Shortly after the drug deal, as noted earlier, the defendant correctly and quickly identified the defendant from the single photograph. Thereafter, she correctly identified the defendant in the six picture photographic lineup.

In *Herrera v. Collins*,[7] the Fifth Circuit concluded that the procedures employed in that case in showing a single photograph of a suspect in a shooting to an eyewitness did not give rise to the substantial likelihood of misidentification even assuming that the procedures used were impermissibly suggestive. The Fifth Circuit noted that:

> In *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L. Ed. 2d 1247, (1968), the Supreme Court announced the now familiar rule that a conviction based on an eyewitness identification at trial following a pretrial

---

[7] 904 F.2d 944 (5th Cir. 1990).

identification by photograph will be set aside only if
the identification procedure was so impermissibly
suggestive as to give rise to a substantial likelihood of
misidentification. As this court has acknowledged, the
admissibility of identification evidence is governed by
a two-step analysis. Initially, a determination must be
made as to whether the identification procedure was
impermissibly suggestive. Next, the court must determine
whether, under the totality of the circumstances, the
suggestiveness leads to a substantial likelihood of a
repairable misidentification.[8]

The Fifth Circuit further stated:

In *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53
L.Ed. 2d 140 (1977), the Supreme Court indicated that
"reliability is the linchpin" when examining the totality
of the circumstances to "determin[e] the admissibility of
identification testimony." *Id*. at 114, 97 S.Ct. at 2253.
Even an impermissibly suggestive identification procedure
does not violate due process so long as the
identification possesses sufficient aspects of
reliability. The Supreme Court has set forth several
factors to be considered when reviewing the reliability
of a pretrial identification. These factors include: "(1)
the opportunity of the witness to view the criminal, (2)
the witness's degree of attention (3) the accuracy of the
description, (4) the witness's level of certainty, (5)
the elapsed time between the crime and the
identification, and (6) corrupting influence of the
suggestive identification itself."[9]

The Court believes that under the facts of this case it was crucial for the law enforcement officers to act quickly in determining who the drug dealer was. In addition, there is no indication in the record that the officers in this case did or said

---

[8]*Id*. F.2d at 946; see, *U.S. v. Shaw*, 894 F.2d 689, 692 (5th Cir. 1990).

[9]*Id*. at 947.

anything suggestive when showing any of the pictures to the confidential source. While the Court concedes that presenting a single picture is somewhat less than ideal, under the facts of this case the Court does not find that the procedure followed in this case was impermissibly suggestive. The Court further finds after applying the Supreme Court's analysis in the *Biggers* case, that under the totality of certain circumstances under the facts of this case, there was no substantial likelihood of misidentification. Furthermore, the Court believes that the quickness in which the confidential informant acted, the accuracy of her description and identification of the defendant in this case are additional facts that support the Court's conclusion that there was no constitutional violation of the identification process in this case. As noted earlier, the Court cannot ignore the fact that the confidential informant initially identified the defendant within 30 minutes of the drug deal and thereafter took very little time to identify the defendant even though the second picture identification process was conducted seven months later. These facts support the Court's conclusion that there was reliability in the identification by the confidential informant.

Because this Court is satisfied that there was no due process violation in the identification process under the facts of this

case, the motion of the defendant to suppress the identification testimony is hereby denied.

Baton Rouge, Louisiana, September 1, 2011.

                                        FRANK J. POLOZOLA
                                      MIDDLE DISTRICT OF LOUISIANA